UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO AUGUSTO SANTIBANEZ VASQUEZ (A# 246-057-182),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br>Respondent. | No. 1:26-cv-04482 DJC SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The undersigned finds that Petitioner's bond hearing violated his due process rights and that the appropriate remedy is release.

## FACTUAL AND PROCEDURAL HISTORY

### I. Factual Background

Petitioner is a citizen and national of Colombia who was lawfully admitted into the United States in January 2021 but overstayed his visa. He has been in immigration detention since December 7, 2025, over nine months, pursuant to 8 U.S.C. § 1226(a) and has no order of removal. He is currently detained in the California City Immigration Processing Center within this judicial district. ECF No. 1 at 3-4, ¶ 7.

On February 26, 2026, an immigration judge ("IJ") determined Petitioner presented a risk

of danger and flight and denied his request for custody redetermination. ECF No. 1 at 27. Petitioner appeared at the bond hearing with counsel. As to danger, the IJ relied on a July 2023 conviction for misdemeanor reckless driving for which Petitioner was sentenced to probation. See ECF No. 7 at 22 (FBI "rap sheet"). The IJ explained:

> Here, while Respondent was not convicted of driving under the influence, during his testimony, Respondent testified that his reckless driving was due to having had 3 beers prior to getting behind the wheel. Additionally, under [Cal. Veh. Code §] 23103, the element is: "drives the vehicle in willful for a wanton disregard for the safety of persons or property[."] In Matter of Choc-Tut, 29 I&N Dec. 48 (BIA 2025), the Board found that driving under the influence represents a grave danger to the community and is a significant adverse consideration in bond proceedings.
>
> Thus, for the reasons described above and considering all the evidence in the record, the Court finds that Respondent has not established that he is not a danger to the community, and the Court denies bond on that basis. As a result, the Court finds that Respondent's ongoing detention is justified and that no amount of bond or non-monetary release conditions is appropriate.

ECF No. 1 at 29. The IJ made an "independent, additional finding" that Petitioner was a flight risk based on his visa-overstay status and limited prospects for relief on his withholding of removal and Convention Against Torture ("CAT") applications. Id. at 29-30.

## II. Procedural History

This action is Petitioner's second immigration habeas petition in this judicial district. The Court denied Petitioner's first petition without prejudice on April 28, 2026, because his three-month-long detention was not unconstitutionally prolonged. See Santibanez Vazquez v. Warden of California City Corr. Ctr., No. 2:26-CV-00547 DJC SCR, 2026 WL 947251, at *2 (E.D. Cal. Apr. 8, 2026), report and recommendation adopted sub nom. Vazquez v. Warden of California City Corr. Ctr., No. 2:26-CV-00547 DJC SCR, 2026 WL 1147428 (E.D. Cal. Apr. 27, 2026) ("Santibanez I"). The Court also rejected Petitioner's challenge to the IJ's bond denial because he did not explain why the IJ abused his discretion. Id. The Court also rejected Petitioner's claim that the IJ misallocated the burden of proof, which the IJ properly assigned to Petitioner pursuant to 8 U.S.C. § 1226(a). Id.

In his renewed § 2241 petition and motion for temporary restraining order ("TRO"), Petitioner argues that his now-prolonged detention represents changed circumstances warranting relief pursuant to 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment. ECF

No. 1 at 12-14; ECF No. 2 at 3, ¶ 6. Unlike the first petition, which did not identify the IJ's alleged error, Petitioner here challenges the IJ's bond denial as based on a "stale, completed reckless driving case coupled with an unsupported flight-risk finding." ECF No. 1 at 8, ¶ 32. Petitioner attached the IJ's bond memorandum as well as the entire evidence packet that he submitted to the immigration court for support. See ECF No. 1 at 27-31 (bond memorandum); id. at 50-208 (evidence packet). By way of relief, he seeks immediate release or, in the alternative, a constitutionally adequate custody redetermination before an IJ where the government bears the burden of proof by clear and convincing evidence. ECF No. 1 at 14-15.

Respondent opposes the petition and TRO motion on grounds that Petitioner has received adequate process during his ongoing § 1226(a) detention. ECF No. 7 at 2-4. Respondent also maintains that Petitioner has failed to exhaust administrative remedies given that his appeal of the IJ's bond ruling is still pending before the Board of Immigration Appeals ("BIA"). ECF No. 7 at 4-5. Finally, Respondent argues that the February 2026 bond hearing was constitutionally adequate and that Petitioner properly bore the burden of proof pursuant to § 1226(a). Id. at 4.

In the traverse, Petitioner reiterates that his detention has now crossed the six-month threshold, which represents a "material change in circumstances that ripens a new, distinct constitutional claim for prolonged detention[.]" ECF No. 9. Petitioner also filed a supporting declaration detailing his deteriorating mental, emotional, and physical health, and requests expedited processing of his petition and TRO motion. ECF No. 11. After the matter was submitted, the undersigned requested the audio of the February 2026 bond hearing to ensure a full record. ECF Nos. 12, 13.

## DISCUSSION

### I. Constitutional Challenge to Bond Determination

The petition's due process claim focuses on Petitioner's now prolonged detention and does not squarely present a challenge the IJ's February 17, 2026, bond determination. However, because Petitioner refutes the IJ's finding of danger and flight risk elsewhere in the petition and attached the hearing record for support, as well as the fact that Respondent thoroughly briefed the adequacy of that hearing, see ECF No. 7, the undersigned liberally construes the petition as

raising such a challenge. See Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (courts must "construe *pro se* habeas filings liberally").

**A. Administrative Exhaustion**

Before reaching the merits of Petitioner's bond challenge, the undersigned will address Respondent's argument that the petition should be dismissed for failure to exhaust administrative remedies. Respondent emphasizes that Petitioner has appealed the IJ's February 17, 2026, bond determination to the BIA, and that his impatience with the appeal process "does not allow him to circumvent the administrative process to reach the District Court." ECF No. 7 at 5.

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011)). Courts may require exhaustion as a prudential matter when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (quoting Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003)). "If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez, 872 F.3d at 988 (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). The exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

Relief from the prudential exhaustion requirement is warranted in this case. As discussed in more detail in the merits analysis below, the petition poses a constitutional challenge to the IJ's bond determination. Generally, noncitizens are not required to exhaust such claims because they exceed the jurisdiction of the BIA. See Hernandez, 872 F.3d at 988–89 (affirming district court

decision to waive exhaustion requirement in constitutional challenge to detention hearings); Garcia v. Hyde, 817 F.Supp.3d 112, 125-27 (D.R.I. 2025) (finding the petitioner "ultimately raises a constitutional challenge in his habeas petition, an area over which the Immigration Court and the BIA lack any authority to adjudicate, thereby rendering appeal to those bodies futile"). The undersigned is also persuaded by Petitioner's argument that if the BIA finds a statutory violation, it would at best remand and cannot order the due process remedy of release that he seeks here. ECF No. 1 at 8-9, ¶ 33. Accordingly, the undersigned finds that exhaustion would be futile.

Petitioner has also demonstrated irreparable harm. He filed his appeal on February 19, 2026, ECF No. 7 at 25, but has not yet received a decision. ECF No. 11 at 3, ¶ 10. There is no evidence that the government has contributed to the delay in the BIA proceeding, although neither party estimates when it will be completed. But even if the BIA's ruling is imminent, Petitioner has been detained for over nine months—with the last seven months coming after a bond hearing in which he alleges an IJ denied him due process. See Singh v. Barr, No. 20-CV-02346-VKD, 2020 WL 1929366, at *5 (N.D. Cal. Apr. 20, 2020) (finding irreparable harm in light of the petitioner's prolonged detention and "the uncertainty regarding the BIA's future resolution of his appeal."). There is also the possibility that Petitioner is removed while he awaits the BIA's decision, which would moot his appeal. See Minango v. Bondi, No. 2:26-CV-00235-ART-BNW, 2026 WL 1257028, at *2 (D. Nev. May 6, 2026) (finding potential removal could "preclude meaningful review of the bond determination" and waiving exhaustion.) For these reasons, the undersigned finds waiver of prudential exhaustion is appropriate in this case.

**B. Due Process Analysis**

In constitutional challenges to an IJ's detention determination, a habeas court reviews mixed questions of fact and law under an "abuse of discretion" standard. Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." Id. (citation and quotations omitted). In other words, "[i]n reviewing the IJ's determination, a district court['s] . . . review is limited to whether the IJ's decision 'reflects clear legal error or is

unsupported by sufficient evidence.'" Quan v. Barr, No. 20-cv-08118-LB, 2021 WL 308610 at *4 (N.D. Cal. 2021) (quoting Hilario Pankim v. Barr, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)). The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." Hernandez, 872 F.3d 976, 981 (9th Cir. 2017). Moreover, a habeas court reviews pure questions of law de novo. See Singh, 638 F.3d at 1202-03.

"To determine whether [a noncitizen] is a danger to the community or a risk of flight, an IJ weighs nine factors under BIA precedent." Martinez, 124 F.4th at 783 (citing Matter of Guerra, 24 I. & N. Dec. 37 (BIA 2006), abrogated on other grounds by Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021)). "The nine factors an IJ 'may' consider 'include any or all of the following:' (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen's] length of residence in the United States; (3) the [noncitizen's] family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen's] employment history; (5) the [noncitizen's] record of appearance in court; (6) the [noncitizen's] criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen's] history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen's] manner of entry to the United States." Id.

**1. The IJ's dangerousness finding constituted an abuse of discretion.**

An "IJ's failure to consider or apply any of the Guerra factors and decision to instead rely on . . . evidence that 'bear little if any relevance' to Petitioner's risk of flight [or danger], while seemingly ignoring all evidence in Petitioner's favor constitutes a misapplication of the legal standard to the facts." Perez Velasquez v. Bondi, No. 26-CV-01759-GPC-DDL, 2026 WL 1042479, at *6 (S.D. Cal. Apr. 16, 2026). "'[T]he Guerra factor most pertinent to assessing dangerousness' is 'the [noncitizen's] criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses.'" Martinez, 124 F.4th at

783 (quoting Singh, 638 F.3d at 1206). It is "not constitutional error for an IJ to base [a detention] decision on [a] petitioner's criminal record, so long as the IJ analyzes the recency of the crimes *and* what (if any) actions the petitioner has taken to rehabilitate" himself. Perez v. Wolf, 445 F. Supp. 3d 275, 287 (N.D. Cal 2020) (emphasis added).

Here, the IJ abused his discretion in failing to "correctly appl[y] the statutory standard to a given set of facts." Martinez, 124 F.4th at 783. Specifically, he did not meaningfully consider Petitioner's mitigation evidence relevant to Guerra's criminal record factor, including: (1) his plea down from a DUI charge to reckless driving; (2) the staleness of the July 2023 arrest; and (3) the fact the incident resulted in property damage but no injuries to persons. See ECF No. 1 at 3, 5-7; ECF No. 9 at 9. The IJ instead relied on the BIA's decision in Choc-Tut, 29 I. & N. Dec 48, 50, that "[d]riving under the influence represents a grave danger to the community and is a significant adverse consideration in bond proceedings." ECF No. 7 at 31. Choc-Tut is materially distinguishable. There, the respondent was arrested three times in a one-month period and had a blood alcohol content of over 0.201 in two of the arrests. Id. at 50. The BIA overturned the IJ's order granting release on $4,000 bond, finding that the respondent's "repeated arrests for traffic offenses while under the influence, including a second arrest just 18 days after his first arrest for similar behavior, indicates a strong disregard for public safety." Id. The IJ's blanket application of Choc-Tut without any meaningful discussion of the obviously distinguishable facts underlying Petitioner's single reckless conviction demonstrates his misapplication of Guerra's criminal record factor.

Moreover, the IJ erred in failing to consider Petitioner's extensive evidence of rehabilitation. The IJ referenced but did not appear to credit Petitioner's successful completion of probation, community service requirements, and a "3-month licensed First-Offender Alcohol and Other Drug Education and Counseling Program." ECF No. 7 at 31; see also ECF No. 1 at 123-124 (certificate of completed community service). Nor did the IJ acknowledge the fact that Petitioner did not reoffend following these rehabilitative activities. See Yepes-Prado v. U.S. I.N.S., 10 F.3d 1363, 1372 (9th Cir. 1993) ("[R]ehabilitation can be established by the absence of subsequent criminal conduct.") The IJ stated that he "consider[ed] all the evidence in the record,"

ECF No. 1 at 29, but the Court need not credit this "catchall phrase" where he fails to meaningfully address such "highly probative or potentially dispositive evidence." Martinez, 124 F.4th at 785 (quoting Cole v. Holder, 659 F.3d 762, 771-72 (9th Cir. 2011)). For all of these reasons, the IJ's dangerousness finding involved an abuse of discretion.

**2. The IJ's did not meaningfully explain his flight risk finding.**

The IJ's flight risk determination also constituted legal error. Even if an IJ "may consider a[] [noncitizen's] circumstances in determining how likely it is that his application for relief will ultimately be approved," Matter of R-A-V-P-, 27 I. & N. Dec. 803, 806 (BIA 2020), the IJ here did not explain the connection between Petitioner's likelihood of success on his withholding and CAT applications and flight risk.

> IJs misapply the relevant legal standard when their flight risk determination relies solely on the procedural posture and predicted outcomes of a noncitizen's pending immigration proceedings, because even if the IJ's predictions about the likelihood that a noncitizen will obtain the relief he is seeking are correct, the real question is whether the noncitizen poses a flight risk that cannot be mitigated.

Henry A.V.L. v. Warden of the Central Valley Annex Detention Facility, et al., No. 1:26-CV-03354-MWJS, 2026 WL 1999944, at *3 (E.D. Cal. July 10, 2026) (quoting Doe v. Chestnut, 810 F. Supp. 3d 1169, 1197 (E.D. Cal. 2025)) (cleaned up). Nor did the IJ draw a rational connection between Petitioner's visa overstay status and flight risk. Under BIA precedent, "Petitioner's current unlawful status and visa overstay 'bear little if any relevance to the issue of whether or not' Petitioner is likely to appear for removal proceedings." Lu v. Los Angeles Field Dir., No. 5:26-CV-00575-JAK (SPX), 2026 WL 1455320, at *12 (C.D. Cal. Apr. 15, 2026) (quoting Matter of Patel, 15 I. & N. Dec. 666, 666-67 (BIA 1976)). The IJ also conspicuously ignored Petitioner's evidence regarding his minor children and other family ties. See ECF No. 1 at 182-188.

For all the reasons stated above, the undersigned finds that IJ's abused his discretion in finding that Petitioner was a danger and flight risk. Accordingly, Petitioner is entitled to relief on his due process challenge to the IJ's February 2026 bond hearing.

**C. Remedy**

The undersigned has considered Petitioner's request for release and his alternative request

for a bond hearing in which the government bears the burden of establishing his risk of danger or flight by clear and convincing evidence. Respondent maintains that if the Court determines habeas relief is warranted, "the only appropriate relief" is a bond hearing in which Petitioner bears the burden of proof, not release from detention. ECF No. 7 at 5-6.

In tailoring the remedy for this due process violation, the Court is mindful that federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). The undersigned also finds support for both forms of relief in similar cases where an IJ failed to provide a constitutionally adequate hearing. See, e.g., Bhim Raj KC v. Chestnut, No. 1:26-CV-03159-TLN-SCR, 2026 WL 2099279, at *3 (E.D. Cal. July 21, 2026) (ordering release as opposed to another bond hearing); Kumar v. Warden, No. 1:26-CV-00035-KES-CDB, 2026 WL 2078191, at *6 (E.D. Cal. July 17, 2026) (collecting cases ordering release and new bond hearings).

Having reviewed the bond hearing record, including the documents pertaining to Petitioner's arrest and plea deal that the government would presumably submit to meet their burden in a re-hearing, and Petitioner's unrebutted supplemental declaration attesting to his deteriorating physical and mental health, ECF No. 11, the undersigned finds that "[n]o purpose would be served by requiring petitioner to endure another bond hearing and additional time in custody." See Lara v. Hernandez, No. C26-0747 TSZ, 2026 WL 1758643, at *5 (W.D. Wash. June 18, 2026) (ordering release of petitioner with federal drug conviction who graduated from a substance abuse treatment program, maintained her sobriety, completed community service, and had supportive social networks). Accordingly, the appropriate remedy is release.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondent be ordered to immediately release Petitioner Sergio Augusto Santibanez Vasquez (A# 246-057-182) from their custody and to return all of Petitioner's documents and possessions at the time of release.

3. Respondent be directed to file a notice certifying compliance with the above

provisions within three (3) days from the date of any final order requiring release.

4. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

5. The final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of Court be directed to:

a. Serve a copy of any release order on the California City Immigration Processing Center; and

b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 11, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE